IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MARSHALL SHERROD JONES,          )
                                    )
          Plaintiff,         )
                                    )
     -vs-                    )        Civil Action No.   12-287E
                                    )
CAROLYN W. COLVIN,[1]          )
COMMISSIONER OF SOCIAL SECURITY,       )
                                    )
          Defendant.       )

AMBROSE, Senior District Judge.


## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

       Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 11). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 10 and 12). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (ECF No. 11) and denying Plaintiff's Motion for Summary Judgment. (ECF No. 9).

## I.  BACKGROUND

       Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on May 10, 2010, alleging he had been disabled since January 13, 2000.[2] (ECF Nos. 7-6, p. 2).

---

[1] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.

2 Plaintiff filed a prior application that was denied on May 7, 2008. The ALJ in this case gave that decision *res judicata* effect and concluded that the relevant time period herein was May 8, 2009 through July 6, 2011, the date of the ALJ's decision on this application. (ECF No. 7-2, p. 39). Plaintiff does not take issue with this time frame.

Administrative Law Judge ("ALJ"), O. Price Dodson, held a video hearing on June 2, 2011.   (ECF No. 7-3, pp. 11-39).   On July 6, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act.   (ECF No. 7-2, pp. 40-50).   After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 9 and 11). The issues are now ripe for review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Substantial evidence has been defined as "more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate."   *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).   A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.   *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).   Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.   *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,*

2

786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B.    RESIDUAL FUNCTIONAL CAPACITY ("RFC")[3]**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence. (ECF No. 10, pp. 8-11). The ALJ found that Plaintiff had the RFC to perform sedentary work with the following limitations: 1) he must be allowed to alternate between sitting and standing at will; 2)

---

[3] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

he is limited to jobs that require only occasional reaching overhead and occasional rapid movement of the head; and 3) he is limited to jobs that require only simple, repetitive tasks and no close interaction with the public. (ECF No. 7-4, p. 44).

First, Plaintiff argues that the ALJ erred in failing to specify the frequency of the need to sit or stand at will. (ECF No. 10, p. 9). SSR 96-9p provides that the "RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing." This ruling also provides that it "may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work." *Id.* In this case, the ALJ consulted a vocational expert and posed the hypothetical question that included the following limitation: "…I want you to assume that this individual is limited to sedentary exertion…with additional limitations in that the individual would need to be able to alternate periodically between sitting and standing,…." (ECF No. 7-3, p. 36). The use of the term "periodically" defines the frequency. I note that Plaintiff's counsel did not question the VE regarding the term "periodically" or any other frequency as it relates to the sit/stand option. *See,* ECF No. 7-3, pp. 37-38. The reasonable implication of the ALJ's question is that the sit/stand option was at Plaintiff's own volition, which I find consistent with the ALJ's RFC finding that Plaintiff be allowed to alternate between sitting and standing at will. No further specificity regarding the frequency was required. Accordingly, I find the ALJ complied with SSR 96-9p and his finding in this regard is supported by substantial evidence.

Second, Plaintiff argues that that ALJ erred in rejecting the portion of the opinion of the functional capacity evaluator, Perri Wasserman, MPT, that indicated Plaintiff required frequent breaks because the basis for the rejection - that Plaintiff could get on and off an exam table and arise from a chair without help - does not relate to the requirement for frequent breaks. (ECF No. 10, pp. 9-10). After a review of the record, I find Plaintiff has misconstrued the ALJ's opinion. The ALJ's opinion with regard to Perri Wasserman, MPT, provides as follows:

> Functional capacity evaluator, Perri Wasserman, MPT noted that the claimant should be able to participate in sedentary work, but may need frequent breaks and position changes (Exhibit C17F). This assessment is given moderate weight because, while the undersigned agrees that the claimant is limited to sedentary work with position changes, the objective clinical findings do not support the need for frequent breaks (SSR 06-03p). The claimant has significant pain, but his pain improved on medication, and he was consistently able to perform activities such as getting on and off an exam table and arising from a chair without help (Exhibits C8F and C13F).

(ECF No. no. 7-2, p. 48). A reasonable reading of the ALJ's opinion is that his rejection of the need for frequent breaks is based on the objective clinical findings. *Id.* The ability to get on and off an exam table and to get up from a chair without help is support that Plaintiff is capable of sedentary work. *Id.* Thus, I find Plaintiff's argument to be without merit in this regard.

Plaintiff's third argument is that the ALJ erred in failing to make findings relating to all of the mental demands of work. (ECF No. 10, pp. 10-11). Specifically, Plaintiff submits that the "ALJ's restriction to simple, repetitive tasks and no close interaction with the public fails to address Plaintiff's abilities to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." (ECF No. 10, p. 11). Thus, Plaintiff argues, the mental RFC is incomplete and not in compliance with the relevant legal standards. *Id.* I find no merit to this argument.

RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a) Contrary to Plaintiff's suggestion otherwise, there is no requirement or rule that an ALJ must make specific findings on each basic work-related mental activity a person can do. In this case, with regard to Plaintiff's mental RFC, the ALJ found that Plaintiff "can perform [sedentary] jobs that require only simple, repetitive tasks and no close interaction with the public." (ECF No. 7-2, p. 44). The

implication of this, therefore, is that Plaintiff can do everything associated with sedentary work except those things listed by the ALJ.

After a review of the entire record as a whole, I find the ALJ's RFC finding to be supported by substantial evidence. Consequently, I find no error on the part of the ALJ.

### C.     HYPOTHETICAL QUESTION TO THE VOCATIONAL EXPERT

The last argument by Plaintiff is that the ALJ erred in failing to ask the vocational expert hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 10, pp. 11-12). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). Plaintiff submits that the hypothetical questions are incorrect based on the errors as argued above. (ECF No. 10, pp. 11-12). Since I have found no error above, I find no foundation for this argument.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARSHALL SHERROD JONES,          )
                                 )
                 Plaintiff,      )
                                 )
        -vs-                     )          Civil Action No.   12-287E
                                 )
CAROLYN W. COLVIN,[4]            )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.               )

AMBROSE, Senior District Judge.


## ORDER OF COURT

THEREFORE, this 10th day of February, 2014, it is ordered that the decision of the ALJ is

affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 9) is denied and Defendant's

Motion for Summary Judgment (Docket No. 11) is granted.

                                 BY THE COURT:

                                 s/   Donetta W. Ambrose
                                 Donetta W. Ambrose
                                 United States Senior District Judge

---

[4] Carolyn W. Colvin became acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue.